IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-377-FL

| | | |
|---|---|---|
| ANGELIA P. GALLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| AT&T and VALERIE PHILLIPS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter is before the court on defendant Valerie Phillips' motion to dismiss (DE #12), and on the parties' joint report and plan pursuant to Rule 26(f) (DE #20). As an initial matter, where plaintiff has not responded in opposition to the motion to dismiss, and where the law is settled that "individual defendants do not face personal liability under the Americans With Disabilities Act." Swain v. Westchester Academy, Inc., 170 F.Supp.2d 580, 583 (M.D.N.C. 2001) (citation omitted), for good cause shown, the court GRANTS the motion to dismiss by defendant Phillips (DE #12). The following procedures and deadlines shall govern scheduling activities of the remaining parties.

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conducted a pretrial conference by telephone in this case on November 9, 2012, with plaintiff appearing pro se, and defendant appearing through counsel Robert E. Thomas, Jr. After reviewing the parties' joint report and plan, filed November 28, 2012, and considering the issues raised at conference, the court orders the following:

**I. Discovery**

A. The parties have exchanged the information required by Federal Rule of Civil Procedure 26(a)(1).

B. Discovery will be necessary on the following subjects: reference is made to the discovery proposed to be undertaken in the parties' joint report and plan filed with the court.

C. All discovery shall be commenced or served in time to be completed by **May 10, 2013.**

D. The parties agree that discovery should not be conducted in phases nor be limited to or focused on any particular issues.

E. No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party. Responses are due 30 days after service of those interrogatories.

F. No party shall serve more than 25 requests for admissions to any other party. Responses are due 30 days after service of those requests for admissions.

G. There shall be no more than four depositions of fact by plaintiff and four depositions of fact by defendant. Each party may depose any person who has been identified as an expert witness.

H. Each deposition shall be limited to 6 hours, unless otherwise agreed by the parties.

I. Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by plaintiff by **February 8, 2013**, and by defendant by **March 8, 2013**. The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho

Tire Co. v. Carmichael, 526 U.S. 137 (1999) or similar case law, **within fourteen (14) days** after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

J.  Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **April 1, 2013**. The supplemental disclosures served forty (40) days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures forty (40) days before the discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably

will be excluded at trial.  See Fed. R. Civ. P. 37(c)(1).

K. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.  See Fed. R. Civ. P. 29.  Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

L. Discovery in this case may be governed by a protective order.  If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.  If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

   1. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

   2. Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988).  Specifically, a proposed protective order

4

shall include the following language: "Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

3. Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by

5

    the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue.

4.  The parties are directed to Section T of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/PDF_files/PolicyManual.pdf, for information regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system ("CM/ECF").

## II. Motions

A.  Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

B.  The deadline for any motion for leave to join additional parties or to otherwise amend the pleadings has passed.

C.  All potentially dispositive motions shall be filed by **June 7, 2013**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.

D.  Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, after good faith effort between the parties to resolve the matter, unless the time for filing such a motion is extended for good cause shown. Prior to any filing, the complaining party shall convene a conference among the parties and this court by telephone through the office of the case manager,

6

at (252) 638-8534. In the event of a discovery dispute of or relating to written discovery, the party convening the conference shall send via facsimile transmittal directed to the case manager at (252) 638-1529, the submissions in discovery most directly bearing on the particular dispute, for the court's review in advance of telephonic conference. Motions to compel filed after the deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Disputes in discovery which are reduced to writing, timely filed, and where conference with this court in advance of filing has been unable to resolve said dispute, ordinarily will be referred to a magistrate judge for ruling.

E. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

### III. Alternative Dispute Resolution ("ADR")

A. The parties believe that mediation by a neutral mediator would be appropriate after discovery has been conducted and propose a mediation deadline of May 17, 2013.

B. If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Civil Rule 101.1e for their specific obligations.

7

### IV. Pretrial and Trial Scheduling

A. After the court has ruled on any dispositive motion(s), the court will enter a scheduling order governing deadlines and procedures for final pretrial conference and trial, as appropriate.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

SO ORDERED, this the 8th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge